COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:  Helen Mayfield v. Capital One, National Association

Appellate case number: 01-18-00762-CV

Trial court case number: 2017-48720

Trial court:     269th District Court of Harris County

On January 17, 2019, we abated this appeal and remanded the case to the trial court to determine whether appellant, Helen Mayfield, must pay the cost of preparation of the appellate record. *See* TEX. R. APP. P. 145(a), (f). The trial court clerk has filed a supplemental clerk's record that includes the trial court's order, signed on March 1, 2019 denying appellant's Motion for a Free Appellate Record and sustaining the contest to appellant's affidavit of inability to pay. We **reinstate** the appeal on the Court's active docket.

The trial court's March 1, 2019 order requires appellant to "pay all court costs," "all additional costs, fees, charges for record, and [a]ppellate costs as they are due." On March 25, 2019, appellant filed—in the trial court—a notice of appeal of the "denial of Motion for Free Appellate signed on March 1, 2019 and for the entire case." A party who files a statement of inability to pay costs may challenge the trial court's order requiring payment of costs "by motion filed in the court of appeals." TEX. R. CIV. P. 145(g)(1). "The motion must be filed within 10 days after the trial court's order is signed." *Id.* 145(g)(2); *see id.* (providing court of appeals may extend the deadline by 15 days if party "demonstrates good cause for the extension in writing"). Under rule 145(g)(1), "this Court conducts its review, if any, on a motion filed with this Court and not by a notice of appeal from the order." *Kuntze v. Cowan*, Nos. 10-17-00225-CV & 10-17-00245-CV, 2018 WL 327337, at *2 (Tex. App.—Waco Jan. 3, 2018, order).

**Accordingly, appellant is directed to make arrangements to pay the fee for preparation of the record on appeal.** *See* **TEX. R. APP. P. 34.5(a), (b), 34.6(a), (b), 35.3. The clerk's record and reporter's record, if any, are due to be filed no later than 30 days from the date of this order.** The clerk's record does not need to include the items included in the clerk's record filed in this appeal on January 8, 2019, or the

supplemental clerk's records filed on January 11 and March 22, 2019.[1]

Appellant's Motion to Retain, filed on December 31, 2018, is **dismissed as moot**.

It is so ORDERED.

Judge's signature: /s/ Russell Lloyd_____
                    ☑ Acting individually     ☐ Acting for the Court

Date: __April 9, 2019____

---

[1] The Clerk of this Court previously directed the trial court clerk to file a clerk's record regarding indigency, containing pleadings and orders related to appellant's motions for a free appellate record.